The Lincoln National Life Insurance Company
Disability and Life Claims Appeal
PO Box 2578
Omaha, NE 68103-2578
Phone No.: (888) 437-7611
Secure Fax No.: (603) 334-0401

| | |
|---|---|
| Date: | November 1, 2023 |
| To: | SAMUEL PAYNE<br>CAVALIER BUILDING<br>95 WHITE BRIDGE ROAD<br>STE 250<br>NASHVILLE TN 37502 |
| Attn: | |
| Fax: | (615) 727-0175 |
| From: | Lisa Macallister<br>Claim Resolution Specialist<br>Phone No.: (888) 437-7611<br>Secure Fax No.: (603) 334-0401 |
| Total Pages<br>(Including Cover): | 7 |
| RE:<br><br>Claim #: 12027405<br>Claimant: April Connolly<br><br>CSL Behring | |

This fax, and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this fax, you are hereby notified that any dissemination, distribution or copying of this fax, and any attachments thereto, is strictly prohibited. If you have received this fax in error, please notify me by telephone at (888) 437-7611 and permanently shred the original and any copy of any fax and any printout thereof.

EXHIBIT
2

The Lincoln National Life Insurance Company
Disability and Life Claims Appeal
PO Box 2578
Omaha, NE 68103-2578
Phone No.: (888) 437-7611
Secure Fax No.: (603) 334-0401

November 1, 2023

Samuel D. Payne
Cody Allison and Associates
CAVALIER BUILDING
95 WHITE BRIDGE ROAD
STE 250
NASHVILLE, TN 37502

RE: Long Term Disability (LTD) Benefits
CSL Behring
Claim #: 12027405
Claimant: April Connolly

Dear Samuel Payne:

We reviewed xr appeal request for Ms. April Connolly's Long Term Disability ("LTD") benefits and maintained the decision to deny benefits beyond January 20, 2023.

**Initial Claim Decision**

Ms. Connolly submitted a claim for benefits in connection with her absence from work as of June 10, 2021. LTD benefits were approved from December 9, 2021 through January 20, 2023. Benefits beyond January 20, 2023 were denied as the evaluation concluded she was no longer disabled as defined by the Policy.

The basis for the decision was outlined in a letter dated January 20, 2023. Your office was provided an opportunity to request an appeal review of the denial, stating the reasons why you felt Ms. Connolly's claim should not have been denied, and submit additional information to support her claim. Specifically, you were advised to submit the following information: "*Medical evidence of a disabling condition to support ongoing disability; to include office visit notes, test results, treatment plans, physical therapy notes, operative reports, a valid functional capacity evaluation, as well as specific restrictions and limitations, and any other medical information from your physician(s) to support that you are unable to perform the duties of your own occupation. You should also provide any additional information that you feel will support her claim.*"

**Appeal**

On July 19, 2023, we received your letter of appeal dated July 19, 2023. In your letter, you indicated Ms. Connolly is out of work due to Dissociative Identity Disorder (DID), PTSD, ADHD and Hashimoto's Disaease. You noted that Ms. Connolly treated with Michael Bennett, LPCC

specifically noting the dates of December 20, 2022 through June 28, 2023 and provided a summary of the visits in your letter.You requested medications be considered and noted there is no medication, per se, for DID. You listed a few relevant cases and noted nothing had changed with your client's condition. You indicated Ms. Connolly was working towards a degree online however she had to drop out. You requested updated claim file materials plus any internal rules, guidelines, etc. as well as reports generated by any medical, vocational or other partiles reviewing the claim.

In support of Ms. Connolly's claim you provided enclosures titled Exhibits A-C:

A) A copy of the January 20, 2023 denial letter
B) The therapy notes from Michael Bennett dated December 20, 2022- June 28. 2022
C) Authorization

On August 4, 2023, your office indicated you would be submitting additional information for Ms. Connolly's appeal.

On August 28, 2023, you submitted a letter dated August 18, 2023 with a letter from Michael Bennett, LPCC dated August 15, 2022.

**<u>Appeal Evaluation</u>**

In consideration of Ms. Connolly's appeal, a thorough review of all of the information contained in her claim file was completed.

Based on a review of the documentation contained in Ms. Connolly's claim file, she stopped working on June 10, 2021 due to dissociative identity disorder, PTSD, depression, and anxiety. Ms. Connolly was employed as an Associate Medical Staff at CSL Behring LLC. Ms. Connolly's benefits were approved for benefits through January 20, 2023 however denied ongoing benefits based on a peer review (please see January 20, 2023 denial letter for complete details).

During the claim evaluation of ongoing benefits, Ms. Connolly's claim was reviewed by Edward Chai, MD, an independent physician board certified in Psychiatry. Based on his review of the medical records, Dr. Chai concluded:

*Taking into consideration the entire clinical picture, there is no supported level of impairment that translates into restrictions and limitations from - present to - ongoing.*

*Claimant was not noted be actively suicidal or homicidal. Claimant was not noted to have been cognitively impaired on formal testing. Claimant was not psychotic. Claimant was not noted to have been hospitalized for psychiatric reasons since her hospitalization in October. The claimant was able to go to school, and obtain masters. Claimant was able to engage in cognitive behavioral therapy (CBT), and dialectical behavior therapy (DBT), all of which requires a great deal of functionality.*

During the review of the appeal, Ms. Connolly's claim was reviewed by Elena Dlugach, MD, an independent physician board certified in Psychiatry. Based on her review of the medical records, Dr. Dlugach concluded:

*The medical records do not support any restrictions and limitations that were recommended by treating providers for the timeframes in question.*

*No current psychiatric records are provided. Psychotherapy notes document integration of most alters, no abnormalities of mental status examination is documented during the period of review, the claimant reports improvement, presents as optimistic, works on spirituality and appears to be some kind of peer counselor. Decrease in PCL 5 scores is documented. Claimant decreased the frequency of therapy significantly and also reports decreasing doses of her antidepressant medication. No evidence of continued marital discord or difficulty with ADL is provided. Insufficient severity of symptoms as documented during the period of review to support continued impairment and inability to work.*

*The medical records do not support any restrictions and limitations that were recommended by treating providers for the timeframes in question.*

Dr. Dlugach was asked to review the medical records and comment on medications. She concluded:

*Taking into consideration the entire clinical picture, including evidence based medicine and any medication or other treatment side effects, impairment is not supported and does not translate into restrictions and limitations from 1/20/23 to present.*

You were provided the opportunity to review the information conducted on the appeal. As outlined in our letter of September 12, 2023, we sent you a copy of the clinical review performed during our appeal review. We asked you to review the report and a response, along with any other information, to be submitted by October 3, 2023.

On October 6, 2023, you submitted a request for an extension until October 25, 2023 to respond. An extension was granted per your request.

On October 17, 2023, you indicated you were not going to submit further information however on October 20, 2023, in a telephone call, you indicated you were going to verify if there was any additional records or information that you could submit for the appeal.

On October 24, 2023, you confirmed there would be no additonal submissions or responses to the peer review and requested the appeal be finalize. We did not receive additional records for consideration; therefore we proceeded with our appeal review.

Our role in reviewing Ms. Connolly's file is to determine whether her medical condition and the medical documentation contained in her file supports that she was unable to perform the material and substantial duties of her own occupation beyond January 20, 2023. We are not required to ensure the availability of this occupation or that she return to active employment with her former employer in the same or different position.

We are aware that Ms. Connolly may have a claim in process for Social Security Disability Income benefits. It should be noted that any ruling by the Social Security Administration, in and of itself, does not determine entitlement to benefits under the terms and conditions of CSL Behring LLC's Long Term Disability Policy.

It is important to clarify that the existence of a medical condition/diagnosis in and of itself does not equate to eligibility for long term disability benefits. The focus of our assessment is not whether or not a condition exists; but rather whether or not impairment exists that would preclude your client from performing the duties of her Own Occupation. This appeal review and analysis considered all the medical and claim documentation contained in this Long-Term Disability administrative record, whether or not specifically referenced in this document.

**Conclusion**

We conducted a thorough and independent review of Ms. Connolly's entire claim. In summary, we acknowledge that she may have continued to experience some symptoms associated with her condition beyond January 20, 2023. However, the available information is not sufficient in supporting her symptoms remained of such severity, frequency and duration that they resulted in restrictions or limitations rendering Ms. Connolly unable to perform the duties of her occupation after that date. In your appeal letter, you documented Ms. Connolly had Hashimoto's disease however there was not any information submitted documenting this condition was disabling. Additionally, the notes indicated she had a gallbladder procedure at some point however there was no documentation submitted regarding this condition.

Having carefully considered all of the information submitted in support of Ms. Connolly's claim, our position remains that proof of her continued disability in accordance with the Policy provisions after January 20, 2023 has not been provided. Therefore, no further benefits are payable.

This claim decision reflects an evaluation of the claim facts and Policy provisions.

**Policy Provisions**

In order to continue receiving benefits, x must satisfy the requirements of all Policy provisions that state, in part:

***Disability Benefit***

*When Lincoln receives Proof that a Covered Person is Disabled due to Injury or Sickness and requires the Regular Attendance of a Physician, Lincoln will pay the Covered Person a Monthly Benefit after the end of the Elimination Period, subject to any other provisions of this policy. The benefit will be paid for the period of Disability if the Covered Person gives to Lincoln Proof of continued:*

*1. Disability;*
*2. Regular Attendance of a Physician; and*
*3. Appropriate Available Treatment.*

*The Proof must be given upon Lincoln's request and at the Covered Person's expense. In determining whether the Covered Person is Disabled, Lincoln will not consider employment factors including, but not limited to, interpersonal conflict in the workplace, recession, job obsolescence, paycuts, job sharing and loss of a professional or occupational license or certification.*

*"**Disability**" or "**Disabled**", with respect to Long Term Disability, means:*
*if the Covered Person is eligible for the 24 Month Own Occupation benefit, "**Disability**" or "**Disabled**" means that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*

*"**Material and Substantial Duties**", with respect to Long Term Disability, means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.*

*"**Own Occupation**", with respect to Long Term Disability, means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Liberty will consider the Covered Person's occupation as it is normally performed in the national economy.*

***Discontinuation of the Long Term Disability Benefit***

*The Monthly Benefit will cease on the earliest of:*
*…*
*9. the date the Covered Person is no longer Disabled according to this policy;*

***Legal Proceedings***
*A claimant or the claimant's authorized representative cannot start any legal action:*
*1. until 60 days after Proof of claim has been given; or*
*2. more than one year after the time Proof of claim is required.*

Under the Employee Retirement Income Security Act (ERISA) appeal guidelines, Ms. Connolly was entitled to appeal the decision made by The Lincoln National Life Insurance Company, and to submit any additional information you wished to be considered as part of the appeal. The Lincoln National Life Insurance Company has conducted a full and fair review of his appeal and accompanying materials, and has concluded that the denial of benefits will be maintained.

At this time, your administrative right to review has been exhausted; no furthis review will be conducted by The Lincoln National Life Insurance Company and your claim will remain closed. You may request to receive, free of charge, copies of all documents relevant to Ms. Connolly's claim. You have the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

Ms. Connolly's employer's plan has a contractual limitations period of one year, which means that a lawsuit must be brought within one year after the date written proof of claim or proof of continued disability was required. The date on which the contractual limitations period expires for this claim is October 31, 2024.

This information is provided for purposes of this claim only, as the time proof of claim is required may differ based on claim specifics and applicable policy language.

Nothing in this letter should be construed as a waiver of any The Lincoln National Life Insurance

Company rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned.

Decisions made by Lincoln Financial Group are based on the provisions outlined in CSL Behring LLC's Policy. These provisions are not contingent on decisions made by eithis the Social Security Administration or othis disability-determining entities. No internal rules, guidelines, protocols, standard or othis similar criteria were relied upon in rendering the claim determination.

If you require language translation assistance, please contact Lincoln Financial Group to initiate a service provided free of charge to assist with understanding Ms. Connolly's claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata' hane'go shíká a'doowoł nínízingo saad hosíníłį́į' dóó ná'ookąąh nííní'ą́ągo naaltsoos nííníłtsoozígíí hazho'ó bik'idi'deeshtį́įł nínízingo doo bą́ą́h ílínígóó níká a'doowoł éí biniiyé shił hodíílnih áko ákwe'égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela

If you have any questions regarding this matter, please contact me.

Sincerely,

Lisa Macallister
Claim Resolution Specialist
Phone No.: (888) 437-7611 Ext. 16400
Secure Fax No.: (603) 334-0401